IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| Ashlley Smith | ) |
| | ) Civil Action No. |
| Plaintiff, | ) |
| v. | ) |
| | ) |
| Integrity Enterprizes (OH) LLC, | ) JURY TRIAL DEMANDED |
| | ) |
| Defendant. | ) |
| | ) |
| _____ | ) |

## COMPLAINT FOR DAMAGES

COMES NOW, Plaintiff Ashlley Smith ("Plaintiff" or "Smith"), through undersigned counsel, and files this lawsuit against Defendant Integrity Enterprizes (OH) LLC ("Defendant" or "Integrity"), and for her Complaint shows the following:

### I.  Nature of Complaint

1.

Plaintiff brings this action to obtain full and complete relief and to redress the unlawful employment practices described herein.

2.

This action seeks declaratory relief, along with liquidated and actual

damages, attorney's fees and costs for Defendant's failure to pay federally mandated overtime wages to Plaintiff in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201 *et seq*. (hereinafter the "FLSA").

## II.   Jurisdiction and Venue

3.

The jurisdiction of this Court is invoked pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

4.

Defendant is an Ohio Limited Liability Company that is registered in Georgia as a Foreign LLC. Defendant does business in and is engaged in commerce in the State of Georgia. Venue is proper in this district pursuant to 29 U.S.C. § 1391(b) because Defendant resides in this district and a substantial part of the events and omissions that give rise to Plaintiff's claims occurred in this district.

## III.   Parties and Facts

5.

Plaintiff was employed by Defendant from November 25, 2013 – March 6, 2015.

6.

Defendant is a staffing company that staffs work events for its clients in the food service and hotel industries.

7.

From November 25, 2013 to March 6, 2015, Plaintiff was employed by Defendant as an "Account Manager".

8.

Plaintiff was an "employee" of Defendant, as that term has been defined by the FLSA, 29 U.S.C.S. § 201 et seq., 29 U.S.C. § 203(e).

9.

From November 25, 2013 to March 6, 2015 Plaintiff was employed by Defendant a non-exempt "account manager". Throughout this period of employment with Defendant, Plaintiff was entitled to overtime compensation for all hours worked in excess of (40) hours in a workweek.

10.

Plaintiff was an "employee" of Defendants [as defined under FLSA §3(e), 29 U.S.C. § 203(e)].

11.

Plaintiff performed clerical and administrative duties for the Defendant and was paid for same on a salaried basis.

12.

During the relevant time period, Defendant did not require that Plaintiff regularly and customarily direct the work of two or more other employees.

13.

During the relevant time period, Defendant did not require that Plaintiff hire or fire other employees.

14.

During the relevant time period, Plaintiff did not perform services for Defendant that met the criteria necessary for the "executive" exemption to the FLSA minimum wage and overtime requirements at 29 U.S.C. § 541 et seq.

15.

During the relevant time period, Plaintiff did not perform services for Defendant that met the criteria necessary for the "administrative" exemption to the FLSA minimum wage and overtime requirements at 29 U.S.C. § 541 et seq.

16.

During the relevant time period, Defendant classified Plaintiff as an exempt employee for FLSA purposes.

17.

During the relevant time period, Defendant ought to have classified Plaintiff as a non-exempt employee pursuant to FLSA guidelines.

18.

During the relevant time period, Plaintiff worked an amount of time that was more than forty (40) hours per workweek for Defendants and was not paid the overtime wage differential.

19.

From November 25, 2013 to March 6, 2015 Plaintiff was paid a salary.

20.

During the relevant time period, Plaintiff was paid a salary of $540.00 every two weeks.

21.

From November 25, 2013 to March 6, 2015 Plaintiff was paid a salary of less than $455 per week.

22.

From November 25, 2013 to March 6, 2015 Plaintiff was paid a salary of less than $1,971.66 per month.

23.

From November 2013 to March 2015, Plaintiff regularly worked an amount of time that was more than forty (40) hours in given workweeks and was not paid the overtime wage differential for all hours worked over (40) in such weeks.

24.

Defendant is a private employer engaged in interstate commerce, and its gross revenues exceed $500,000 per year.

25.

From November 25, 2013 to March 6, 2015, Defendant suffered or permitted Plaintiff to work in excess of 40 hours in given workweeks without receiving overtime compensation.

26.

Defendant maintained a policy of requiring Plaintiff to work off the clock.

27.

Defendant is an "employer" within the definition of the FLSA, 29 U.S.C. §203(d).

28.

Defendant is governed by and subject to the FLSA, 29 U.S.C. §204 and §207.

29.

From November25, 2013 to March 6, 2015, Defendant failed to keep accurate time records for all hours worked by Plaintiff.

30.

Plaintiff is entitled to overtime pay for the hours she worked over (40) in given workweeks. Defendant's practices violate the provisions of the FLSA, 29 U.S.C. § 201, et seq. including but not limited to 29 U.S.C. § 207. As a result of Defendant's unlawful practices, Plaintiff has suffered lost wages.

31.

Defendant knew or had reason to know that Plaintiff worked in excess of (40) hours in given workweeks and was not paid the overtime wage differential during the period of November 8, 2013 to March 6, 2015

## Count I

### Violation of the Overtime Wage Requirement of the Fair Labor Standards Act

32.

Plaintiff repeats and re-alleges each and every allegation contained in the

preceding paragraphs of this Complaint with the same force and effect as if set forth herein.

33.

Defendant has violated the FLSA, 29 U.S.C. § 201, et seq. including but not limited to 29 U.S.C. § 207, by failing to pay overtime wages for hours Plaintiff worked in excess of (40) hours in given workweeks.

34.

The FLSA, 29 U.S.C. § 207, requires employers to pay employees one and one-half times the regular rate of pay for all hours worked in excess of (40) hours in a workweek.

35.

Defendant suffered and permitted Plaintiff to routinely work more than (40) hours per week without overtime compensation.

36.

Defendant's actions, policies and/or practices as described above violate the FLSA's overtime requirement by regularly and repeatedly failing to compensate Plaintiff at the required overtime rate.

37.

Defendant knew, or showed reckless disregard for the fact that Defendant failed to pay Plaintiff overtime compensation in violation of the FLSA.

38.

Defendant failed to accurately report, record and/or preserve records of hours worked by Plaintiff, and thus has failed to make, keep and preserve records with respect to each of their employees sufficient to determine their wages, hours and other conditions and practices of employment, in violation of the FLSA.

39.

Defendant's violations of the FLSA were willful and in bad faith.

40.

Pursuant to the FLSA, 29 U.S.C. § 216, Plaintiff is entitled to recover the unpaid overtime wage differential, liquidated damages in an equal amount to unpaid overtime, attorneys' fees, and the costs of this litigation incurred in connection with these claims.

## **Prayer for Relief**

**WHEREFORE**, Plaintiff respectfully requests that this Court:

(A)   Grant Plaintiff a trial by jury as to all triable issues of fact;

(B)  Enter judgment against Defendant and awarding Plaintiff unpaid wages pursuant to the FLSA, 29 U.S.C. §§ 206(d), 207, and 216, liquidated damages as provided by 29 U.S.C. § 216, pre-judgment interest on unpaid wages, court costs, expert witness fees, and reasonable attorneys' fees pursuant to 29 U.S.C. § 216, and all other remedies allowed under the FLSA; and,

(C)  Grant declaratory judgment declaring that Plaintiff's rights have been violated and that Defendant willfully violated the FLSA;

(D)  Grant Plaintiff leave to add additional state law claims if necessary; and

(E)  Award Plaintiff such further and additional relief as may be just and appropriate.

This 1st day of December, 2015.

**BARRETT & FARAHANY, LLP**

*/s/ Tequiero "TK" Smith*
Tequiero M. "TK" Smith
Georgia Bar No. 199325
Amanda A. Farahany
Georgia Bar No. 646135
Attorneys for Plaintiff

1100 Peachtree Street NE
Suite 500
Atlanta, GA  30309

404.214.0120
tksmith@bf-llp.com